**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LONNIE D. MACK,<br><br>        Petitioner,<br><br>    v.<br><br>COPENHAVER, Warden,<br><br>        Respondent. | Case No. 1:14-cv-00614-SKO-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 15)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 1), DISMISSING AS MOOT PETITIONER'S PENDING MOTIONS (DOCS. 2 & 19), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on June 9, 2014, and on behalf of Respondent on July 17, 2014. Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on July 21, 2014. Petitioner filed opposition on

August 11, 2014. Although the period for filing a reply has passed, no reply has been filed.

In the petition and a related motion, Petitioner claims that his 1987 state conviction for robbery was not a crime of violence because Petitioner had been sentenced under the Florida Youthful Offender Act, which Petitioner contends manifested the sentencing judge's determination that the offense had not been committed in an aggressive or violent manner. (See, doc. 2, filed April 25, 2014, Petr.'s mot. for expansion of the record, App. C, pp. 34-39.) Petitioner also claims his sentence exceeded the statutory maximum permitted for the substantive offense.

I. Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless the application demonstrates otherwise. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) applies to proceedings brought pursuant to

2

§ 2241. Habeas Rule 1(b). Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by the respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996). However, in light of the broad language of Rule 4, motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982). Analogously, a motion to dismiss a petition for a lack of subject matter jurisdiction is appropriate in the present proceeding

because where a petitioner claims that § 2255 provides an ineffective remedy, the district court in which the petition is brought is required initially to rule whether a § 2241 remedy is available under the savings clause of § 2255. Hernandez v. Campbell, 204 F.3d 861, 866 (9th Cir. 2000).

## II. Background

Petitioner alleges that he is an inmate of the United States Prison at Atwater, California, serving a sentence of 360 months imposed on or about September 5, 1991, in the United States District Court for the Southern District of Florida for being a felon in possession of a firearm, robbery of property of the United States, and assault on a federal officer. (Pet., doc. 1 at 2, 14.) Petitioner's status as a career offender with prior felony convictions for burglary of a dwelling and robbery rendered him a career criminal with an offense level of 37 pursuant to United States Sentencing Guidelines (USSG) § 4B1.1. His guideline range was 360 months to life. (Doc. 15-1, 2-4; doc. 18 [sealed], 8-9, 11-12, 15.) The trial court found that the robbery was a crime of violence under § 4B1.1. (Id. at 38-39.)

In the petition, Petitioner argues that his 1987 state conviction for robbery was not a crime of violence because his sentence for that offense was imposed pursuant to the Florida Youthful Offender Act, which manifested the sentencing judge's determination that the offense had not been committed in an aggressive or violent manner. (See, doc. 2, filed April 25, 2014, Petr.'s mot. for expansion of the record, App. C, pp. 34-39.) Petitioner also claims his sentence exceeded the statutory maximum permitted for the substantive offense.

4

Petitioner appealed the judgment and sentence. In <u>United States v. Mack</u>, 988 F.2d 1216 (11th Cir. 1993) (Table), the Eleventh Circuit affirmed his convictions and sentences, rejecting his argument that the district court erred in sentencing Petitioner as a career offender under USSG § 4B1.1. (Doc. 15, exh. 7, <u>United States v. Mack</u>, 372 Fed.Appx. 33 (2010)). The Supreme Court denied certiorari. <u>See,</u> 510 U.S. 853 (1993).

In 1998, Petitioner moved the district court to modify his sentence pursuant to 18 U.S.C. § 3582(c), arguing that because Amendment 433 of the USSG clarified that the crime of being a felon in possession of a firearm no longer constituted a "crime of violence" under § 4B1.1, he should not have been sentenced as a career offender. The district court denied his motion. (Doc. 15-1 at 6-7.) The Eleventh Circuit affirmed, and the Supreme Court denied certiorari. (<u>Id.</u> at 23-24.)

In 2003, Petitioner filed in the sentencing court his first motion pursuant to 28 U.S.C. § 2255. Petitioner alleged he was actually innocent of the career offender status imposed upon him at his sentencing, and he alleged ineffective assistance of counsel. In dismissing the motion, the court noted that Petitioner relied on a 1993 case for the proposition that he did not merit career offender status because his firearm possession was not a crime of violence; thus, the motion was time-barred. A certificate of appealability was denied. (Doc. 15-1 at 8, 15-16.)

In June 2008, Petitioner filed another motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the ground that Amendment 433 of the guidelines established that the court had erred in using his possession conviction as a basis for sentencing him as

5

a career offender.  Petitioner also relied on <u>Begay v. United States</u>, 553 U.S. 137 (2008), in which the Court analyzed the definition of a "violent felony" for Armed Career Criminal Act ("ACCA") purposes.  In 2009, the district court denied his motion.  The Eleventh Circuit affirmed, holding that the law-of-the-case doctrine applied as to "appellant's successive § 3582(c)(2) motion because it had previously affirmed the district court's denial of appellant's earlier § 3582(c)(2) motion, and no exception to the doctrine applied.  (Doc. 15-1 at 23-33.)

    In April 2011, Petitioner filed a second § 2255 motion alleging he was innocent of his guideline career offender status because two of his prior offenses, burglary of an unoccupied dwelling and robbery, did not qualify as crimes of violence.  The district court denied his second motion for lack of jurisdiction because Petitioner had not received permission to file a second or successive § 2255 motion.  (Doc. 15-1, 32-35.)

    Petitioner filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  The district court denied reconsideration concluding that even if it reached Petitioner's contentions on the merits, Petitioner's convictions for burglary and robbery were nevertheless crimes of violence for purposes of the guidelines enhancement.  Further, Petitioner could not be actually innocent of his career offender sentence because the career offender guideline enhancement was not a conviction.  The district court concluded that Petitioner's second § 2255 motion was properly denied either on jurisdictional grounds or on the merits.  It also rejected Petitioner's contention that his sentence exceeded the statutory maximum because his sentence did not exceed life, which was the

6

1  maximum.  (Id. at 37-40, 38 n.1.)  The Eleventh Circuit declined to
2  issue a certificate of appeal.  (Id. at 42-45.)

### III. Subject Matter Jurisdiction

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d at 864; Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d at 897;  Tripati, 843 F.2d at 1162.

///

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner characterizes the gravamen of his claim as relating to the manner in which his sentence is being executed. (Pet., doc. 1, 9.) However, Petitioner's claim is essentially a claim of an unauthorized sentence. Petitioner argues that if he is challenging his conviction and sentence, he is entitled to proceed pursuant to 28 U.S.C. § 2241 because § 2255 is inadequate and ineffective due to his actual innocence of the sentencing enhancement and his lack of an unobstructed procedural shot at presenting his claim.

### A.   <u>Inadequate or Ineffective Remedy</u>

Title 28 U.S.C. § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that the exception is narrow. <u>Id.</u>;

8

Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>     1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>     2) a new rule of constitutional law, made

9

> retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, because Petitioner challenges his underlying conviction and sentence and not errors in the administration of his sentence, the petition appears to come within the scope of 28 U.S.C. § 2255(a), which states that such challenges are to be brought in a motion pursuant to § 2255 to vacate, set aside, or correct the sentence.

Petitioner argues that he brought an earlier motion pursuant to § 2255, which was denied. However, denial of a previous § 2255 motion is insufficient by itself to render the § 2255 remedy inadequate. Aronson v. May, 85 S.Ct. at 5. The mere failure to meet the statutory bar for successive motions does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h). See, Moore v. Reno, 185 F.3d at 1055. The authority of federal courts to grant habeas relief under § 2241 is limited by § 2255. Tripati v. Henman, 843 F.2d at 1162.

### B.  Actual Innocence

Petitioner argues that his remedy pursuant to § 2255 is inadequate because he is actually innocent of the sentencing enhancement.

Although authority in this circuit is limited, is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim. Stephens v. Herrera, 464 F.3d at 898.

10

### 1. Factual Innocence

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998), which requires that petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d at 898.

Here, Petitioner does not allege facts that show his innocence of the underlying substantive offenses, but rather challenges an element of a sentencing enhancement. His claim fails to show that it would be more likely than not that he could have avoided a conviction altogether. Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012), cert. den., 133 S.Ct. 1264 (2013) (a purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch).

### 2. Opportunity to Raise His Claims

In an abundance of caution, the Court also considers the adequacy of petitioner's opportunity to raise his claims. In making this determination, a court determines whether the basis of the claim was available at the time of the direct appeal and the first § 2255 motion, and it considers whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion, and 2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion. Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). An intervening court decision that effects a material change in the applicable law that forms the basis for a

claim may warrant resort to relief pursuant to § 2241.  <u>Id.</u>  However, where a petitioner fails to raise a claim at trial or on direct appeal even though the legal basis for the claim was clear at those times, the petitioner has not shown that the claim was not available until after the filing of the first § 2255 motion.  <u>Harrison v. Ollison</u>, 519 F.3d 952, 960-61 (9th Cir. 2008); <u>Ivy v. Pontesso</u>, 328 F.3d at 1060.

    Here, Petitioner argues that his Florida robbery conviction does not fall within the definition of a violent crime provided by the career offender enhancement provision of USSG § 4B1.1.  Petitioner does not rely on any new evidence, but rather on the decision of <u>Begay v. United States</u>, 553 U.S. 137 (2008), which concerns standards for determining whether a state offense is a violent felony within the meaning of the Armed Career Criminal Act (ACCA).  However, <u>Begay</u> has not changed the law in any way relevant to Petitioner's claim that his Florida robbery conviction is not a crime of violence under the career offender enhancement.  The Supreme Court in <u>Begay</u> considered the "residual clause" of the ACCA that defines a "violent felony."  Because the "violent felony" provision is similar to the "crime of violence" term for career offender status under the Sentencing Guidelines, cases interpreting ACCA are equally applicable to the career Sentencing Guidelines.  <u>Compare</u>, 18 U.S.C. § 924(e)(2)(B) with Sentencing Guideline § 4B1.2[1];

---

[1]    USSG § 4B1.2, under which Petitioner was sentenced, provides as follows:

    The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that –

        (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013). The "residual clause" incorporates as violent felonies those that involve "conduct that presents a serious potential risk of physical injury to another." Id.; § 924(e)(2)(B)(ii). In Begay, the Court decided that felony driving under the influence did not involve such conduct. Begay, 553 U.S. at 148.

However, the decision in Begay did not have a legal effect on Petitioner's claims because robbery, the crime Petitioner argues wrongfully served as a basis for a finding of a crime of violence, qualifies as such not because of the serious potential risk of physical injury to another at issue in Begay, but rather because by definition robbery has the element of attempted or threatened use of physical force against the victim, and it is enumerated as a crime of violence in the guideline application note. USSG § 4B1.2, App.

---

    (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2 (eff. Nov. 1, 1987).

  Title 18 U.S.C. § 924(e)(1) provides for a minimum fifteen-year term and prohibits probation of suspension of sentence of persons who have sustained a specified number of convictions of a "violent felony," and § 924(e)(2)(B), applied in Begay, specifies the following:

  (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-

    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

  (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

Note 2 (eff. Nov. 1, 1987).  The Court in Begay held that that residual clause captures only crimes that involve "purposeful, violent, and aggressive" conduct, like the acts specifically enumerated in the statute - "burglary, arson, extortion, and crimes involving the use of explosives."  Begay, 553 U.S. at 144-45. The Court in Begay did not address the crimes of force that are the subject of the first prong.  Thus, the Court rejects Petitioner's argument that Begay changed his legal landscape after his appeal or first § 2255 motion.  Cf. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060-61.

The Court notes that Petitioner argued the Begay decision in his second § 2255 motion, and the sentencing court on reconsideration issued alternative decisions, concluding on the merits that Petitioner's burglary and robbery were crimes of violence.  (Doc. 15-1, 37-40.)  The Court concludes that Petitioner has not shown that he did not have an unobstructed procedural shot at presenting his challenges to the sentencing court.

In summary, Petitioner has not shown that his remedy by way of § 2255 was inadequate or ineffective.  Accordingly, Petitioner may not proceed with his challenge to his conviction and sentence in a proceeding pursuant to § 2241.  The petition must be dismissed because the Court lacks jurisdiction to proceed pursuant to § 2241.

Further, in view of the dismissal of the petition for lack of subject matter jurisdiction, the Court will dismiss as moot Petitioner's pending motions, including his motion to expand the record to include records concerning his sentencing and prior convictions (doc. 2), and his motion for immediate release based on his allegation that he is serving a sentence that allegedly exceeds

the statutory maximum (doc. 19).

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the

applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealablity.

V. Disposition

Based on the foregoing analysis, it is ORDERED that:

1) Respondent's motion to dismiss the petition for lack of subject matter jurisdiction is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED; and

3) Petitioner's pending motions for expansion of the record and for immediate release are DISMISSED as moot; and

4) The Court DECLINES to issue a certificate of appealability; and  5) The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **October 10, 2014**              **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE